IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

JUN 1 6 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

BRANDENBURGER & DAVIS, Inc.,
a California Corporation

    Plaintiff,

v.                           Civil Action No. 2:06cv62

WILLIAM H. JUDY, III, individually
and as a member of the partnership
Judy & Judy, and J. DAVID JUDY, III,
as a member of the partnership of
Judy & Judy,

    Defendants.

## COMPLAINT

1. The plaintiff, Brandenburger & Davis, is a California Corporation with its principal headquarters in Sacramento, California.

2. The plaintiff, Brandenburger & Davis, is engaged in probate and estate research, entering into agreements with potential heirs to discover, document and establish entitlement on behalf of such potential heirs to all or a portion of an estate.

3. The plaintiff, Brandenburger & Davis, enters into written agreements which assign portions of any potential estate recovery from the heir to the plaintiff in exchange for the services performed by the plaintiff on behalf of the potential heir.

4. The defendant, William H. Judy, III, upon information and belief, is an attorney licensed to practice law in the State of West Virginia and a member of the West Virginia State Bar practicing in various West Virginia counties including, but not limited to, Hardy County, West Virginia.

5. Upon information and belief the defendant, William H. Judy, III, is a partner in the law firm known as Judy & Judy.

6. Upon information and belief, the defendant, J. David Judy, III, is a partner in the law firm of Judy & Judy.

7. On or about January 20, 2003, the plaintiff, Brandenburger & Davis, retained the services of the defendants with respect to administration of the estate of Anna May Browne, also known as Anna May Brown (hereinafter "Browne Estate"), creating an attorney/client relationship between the plaintiff and the defendants which continues through the present.

8. Prior to January 20, 2003, the plaintiff, Brandenburger & Davis, was retained by and received written agreements and assignments from Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott, with respect to asserting claims to benefits from the estate of Anna May Browne.

9. The defendants agreed to represent the interests of the plaintiff, Brandenburger & Davis, and through the plaintiff the various assignors with respect to the Estate of Anna May Browne.

10. Upon information and belief, the defendant, William H. Judy, III, entered an appearance on behalf of the assignors of the plaintiff in the civil action styled: <u>Roger S. Browne v. Any and All Unknown Heirs of the Estate of Anna May Browne, et al.</u>, Civil Action No. 04-C-41, Circuit Court of Hardy County, West Virginia, (hereinafter "civil action"), however, the defendants did not identify the interests of the plaintiff, Brandenburger & Davis, in that civil action or otherwise act to protect the interests of the plaintiff with respect to that civil action.

11. The defendants participated in the administration of the Browne Estate as well as the above-referenced civil action which resulted in a financial recovery from estate assets for the various assignors which, upon information and belief, were paid by the defendants to the assignors to the exclusion of the interests of the plaintiff, Brandenburger & Davis, as assignee and client of the defendants.

### COUNT I
### (Breach of Contract)

12. The plaintiff realleges each and every allegation hereinabove set forth in paragraphs 1 through 11 of its complaint as if each such allegation is set forth verbatim herein.

13. The defendants pursuant to the employment agreement with the plaintiff had the contractual obligation to properly represent the interests of the plaintiff, Brandenburger & Davis, with respect to the Browne Estate and the civil action.

14. The defendants breached the contractual agreement with the plaintiff, Brandenburger & Davis, in various ways, including, but not limited to, failure to protect the interest of the plaintiff with respect to the Browne estate proceeds.

15. As a direct and proximate result of the breach of the contractual agreement, the plaintiff has been deprived of the contracted for benefits from the defendants, as well as the assignments with the potential heirs of the Browne Estate, which said breach resulted in injuries and damages to the plaintiff.

### COUNT II
### (Negligence)

16. The plaintiff realleges each and every allegation hereinabove set forth in paragraphs 1 through 15 of its complaint as if each such allegation is set forth verbatim herein.

17. The defendants, William H. Judy, III, J. David Judy, III and the partnership of Judy & Judy, owed a duty to the plaintiff to take appropriate steps to ensure that the interests of the plaintiff were protected with respect to the Browne Estate and the civil action.

18. The defendants breached the duties owed to the plaintiff in various ways, including, but not limited to, allowing the disbursement of funds without protecting the interest in and to said sums of the plaintiff.

19. As a direct and proximate result of the acts, inactions and omissions of the defendants, William H. Judy, III, J. David Judy, III, the plaintiff has sustained injury and damage.

## COUNT III
### (Breach of Duty of Good Faith and Fair Dealing)

20. The plaintiff realleges each and every allegation hereinabove set forth in paragraphs 1 through 19 of its complaint as if each such allegation is set forth verbatim herein.

21. The defendants, pursuant to the contractual agreement creating an attorney/client relationship with the plaintiff, at all times relevant to the allegations herein, had a duty of good faith and fair dealing as well as fiduciary duties to the plaintiff.

22. The defendants, by their conduct, breached their duties and responsibilities to the plaintiff.

23. The acts and conduct of the defendants denied the plaintiff the benefits guaranteed by the contractual agreement, the assignments executed by the various potential heirs and West Virginia law.

24. The conduct of the defendants was intentional as well as willful, wanton and reckless.

25. The conduct of the defendants, in breaching their duties and obligations to the plaintiff, is the result of actual malice and intentional misconduct by these defendants against the plaintiff.

26. As a direct and proximate result of the conduct of these defendants, which said conduct is intentional and committed with actual malice and deliberate breach of contract by the defendants, the plaintiff has been damaged.

27. The acts and conduct of the defendants as alleged herein, proximately caused and contributed to the injury and damage to the plaintiff.

### Count IV
### (Damages)

28. The plaintiff realleges each and every allegation hereinabove set forth in paragraphs 1 through 27 of its complaint as if each such allegation is set forth verbatim herein

29. As a direct and proximate result of defendants' actions and inaction, the plaintiffs have sustained economic harm and will, in the future, sustain economic harm.

30. The plaintiff was justified in its reliance upon the terms contained within the employment agreement and assignments.

31. As a proximate result of the reliance upon the defendants' false statements, the plaintiff has suffered serious damages, entitling them to compensatory and punitive damages from the defendants.

32. The amount of damage suffered by the plaintiff as a proximate result of the conduct of the defendants in excess of $75,000.00.

**WHEREFORE**, the plaintiff demands from the defendants, jointly and severally, the following relief:

(a) Compensatory damages in an amount determined to be fair, equitable and proper by the jury;

(b) Punitive damages in an amount determined to be fair, equitable and proper by the jury;

(c) That it be awarded its costs herein expended, including reasonable attorney's fees, pre judgment and post judgment interest, in accordance with West Virginia law; and

(d) That it have such other relief, both general and special, as to the Court appears equitable and proper.

### JURY DEMAND

Plaintiff demands a trial by jury upon all issues triable by a jury raised herein.

/Gregory H. Schillace
State Bar No. 5597

Counsel for plaintiff

Schillace Law Office
Huntington Bank Building
Post Office Box 1526
Clarksburg, WV 26302-1526
Telephone: 304-624-1000
Facsimile: 304-624-9100