IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

BRANDENBURGER & DAVIS, INC.,
a California corporation,

      Plaintiff,

v.                                            CIVIL ACTION NO. 2:06cv62

WILLIAM H. JUDY, III, individually,
and as a member of the partnership
JUDY & JUDY; and J. DAVID JUDY, III,
as a member of the partnership of
JUDY & JUDY,

      Defendants.

## ANSWER

For their answer to the Complaint filed herein, the defendants (hereinafter "Judy" or "defendants") answer and aver as follows:

1. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 and 2 of the Complaint.

2. These defendants admit the allegations contained in paragraphs 4, 5, and 6 of the Complaint.

3. These defendants deny the allegations contained in paragraphs 9 and 11 of the Complaint.

4. With regard to paragraph 3 of the Complaint, the defendants understand that plaintiff seeks to execute assignments from potential heirs and take contingent fees from any recovery from an estate. The company advertises as follows:

> "Fee agreements with individual heirs are usually made on a contingent percentage basis. Clients are never required to advance court costs, attorney fees, or the investigative expenses that are generally incurred in establishing heirship. No fee is ever payable by the heirs we locate until assets are actually distributed to them."

The legal effect and validity of such agreements would be up to the Court, but if held to be valid would be the legal obligations of the individuals who contracted with plaintiff, as stated above, and not these defendants.

5. With regard to paragraph 7 of the Complaint, William H. Judy and his firm were retained specifically "for legal consultation and services in connection with the Ancillary Administration of an Estate." Although a retainer of $500 to be available to perform that work was paid, such work did not occur and he received no hourly fees for any work from the plaintiff herein as set forth in the above-quoted engagement letter of January 20, 2003 sent by Judy. Instead, different legal work followed which involved a partition action of certain real estate. William H. Judy, III appeared for five of the alleged owners and for which he was compensated by the Court for such work as a Special Commissioner for the Sale of Lands by Court Order out of the proceeds of the partition sale. Such work is not within the scope of the different engagement for plaintiff.

6. With regard to paragraph 8 of the Complaint, upon information and belief, the defendants state that the five (5) individuals named in the Complaint and five (5) other unnamed persons executed said contingent fee agreements. Nine (9) other heirs did not. Obligations to pay plaintiff herein, if any, are by those individuals and they would be indispensable parties to the claims of the plaintiff herein.

7. With regard to paragraph 10 of the Complaint, William H. Judy, III answered the partition action on behalf of certain heirs and was immediately appointed as a Special Commissioner, but denies the rest of said paragraph 10.

## COUNT I

8. In response to paragraph 12, these defendants reassert their answers to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

9. These defendants deny the allegations of paragraphs 13, 14 and 15 of Count I of the Complaint.

## COUNT II

10. In response to paragraph 16, these defendants reassert their answers to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

11. These defendants deny the allegations of paragraphs 17, 18, and 19 of Count II of the Complaint.

## COUNT III

12. In response to paragraph 20, these defendants reassert their answers to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

13. These defendants deny the allegations of paragraphs 21, 22, 23, 24, 25, 26, and 27 of Count III of the Complaint.

## COUNT IV

14. In response to paragraph 28, these defendants reassert their answers to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

15. These defendants deny the allegations of paragraphs 29, 30, 31, and 32 of Count IV of the Complaint.

## OTHER DEFENSES

16. The Complaint herein fails to meet the requirement of 28 U.S.C. § 1332 as to the $75,000 jurisdictional limit in that, accepting plaintiff's Complaint as true for this purpose, the amounts received by parties represented by the defendants were as follows by the Order of December 9, 2004 of the Circuit Court of Hardy County, West Virginia:

| | |
|---|---|
| Elizabeth G. Hott | $ 44,559.78 |
| Teresa S. (Brown) Laughlin | $ 44,559.77 |
| Barbara Ruth (Hott) Baker | $ 44,559.78 |
| Larry W. Brown | $ 44,559.78 |
| Donald C. Hott | $ 44,559.78 |
| | $222,798.89 |

By the terms of the contingency fee agreements plaintiff relies upon, the one-third alleged by plaintiff amounts to $74,266.30, less than the required diversity jurisdiction amount of $75,000. Further, the indispensable parties herein destroy diversity.

17. These defendants had no role in the administration of the estate which was done by Roger S. Brown, administrator, and his counsel. There were nineteen (19) heirs who received distributions from the Hardy County partition action.

18. These defendants received five (5) checks payable to the five individuals they appeared for and their name did not appear on any check and they issued no trust account checks. They had no authority to issue any payment to plaintiff or anyone else since the disbursements were ordered by the Court and issued by one of the other Special Commissioners.

19. The engagement for which defendants were hired did not materialize and no fees were charged for any work for plaintiff. Plaintiff's counsel recognized such fact by letter of June 11, 2004 to William H. Judy and therefore no actionable claim exists, and if there is any, it is barred by the two-year statute of limitations applicable herein since this action was filed on June 16, 2006.

20. As early as the Summer of 2002 plaintiff was aware that certain heirs who signed contingent fee agreements with it had repudiated such agreements and that the administrator of the estate had advised heirs that they could recover sums due them by law without providing information plaintiff claimed it needed. Two different attorneys appeared

for the other heirs involved in the litigation and told plaintiff to cease contact with those clients. By letter dated September 18, 2002, plaintiff acknowledged it could not get information to pursue the estate matters it now alleges were done.

21. William H. Judy, III informed plaintiff's counsel of the partition sale and amounts in his capacity as Special Commissioner and advised him:

> "Before any disbursements can be made from the gross proceeds to Brandenburger & Davis' <u>clients,</u> we need the W-9's enclosed herein signed by all parties in order that we may properly report this income for IRS purposes. Please forward W-9's <u>to your clients for</u> signature so that we may proceed with settling this case as soon as possible." (Emphasis added)

22. Any sums due plaintiff arise between plaintiff and certain heirs with whom it had contractual relationships. The defendants assert that they have no obligations under those agreements and further assert that they are indispensable parties to this proceeding.

23. These defendants deny each and every allegation of the Complaint not herein expressly admitted.

24. These defendants assert that the vague and general allegations of the Complaint state no cause of action against these defendants upon which relief may be granted.

25. These defendants are not advised of the nature or extent of the damages alleged by the plaintiff and calls upon it for full and complete proof thereof.

26. These defendants deny that they failed to meet or exercise the knowledge, skill or ability ordinarily possessed and exercised by members of the legal profession under the same or similar circumstances in this representation.

27. No attorney-client relationship existed between the plaintiff and these defendants for the work with regard to the partition action and any cause of action asserted by it should be dismissed as a matter of law as to these defendants.

28. These defendants breached no duty by the exercise of discretion and professional judgment during the course of their engagement.

29. With regard to the conduct at issue, the plaintiff herein may have been guilty of acts or omissions which constituted negligence on its part, and which negligence proximately caused or contributed to its claimed damages, and the plaintiff is barred from recovery herein against these defendants upon that basis.

30. The negligence of these defendants alleged in the Complaint, all of which is denied to have ever existed, was not the proximate cause of any damages allegedly sustained by the plaintiff herein.

31. The Complaint fails to state a claim against these defendants upon which relief can be granted under any count and these defendants move to dismiss the entire complaint as to the plaintiff.

32. The action of the plaintiff is barred by the applicable statute of limitations of this jurisdiction.

33. The underlying damages, if there be any, were caused by the independent acts of the plaintiff itself and were not due to any acts or omissions of these defendants. These defendants are entitled to indemnity and contribution accordingly and are entitled to recovery of their costs and expenses in connection with this litigation.

34. These defendants assert that the injuries and damages of which plaintiff complains, if there were any, were proximately caused by the act or acts of persons, including the plaintiff and any intervening parties, other than these defendants.

35. These defendants assert that the injuries and damages of which plaintiff complains may have been proximately caused by the acts or omissions of the plaintiff itself, and accordingly asserts the defenses of contributory negligence, comparative negligence and assumption of the risk with regard to any negligence claim.

36. These defendants are not responsible to the plaintiff for the alleged incidental or consequential damages not arising from the scope of an attorney-client relationship with it, or arising from the omissions of the plaintiff or others and specifically the failure of others to pay sums allegedly due plaintiff by virtue of contracts with such others.

37. These defendants rely upon all other defenses recognized by the Federal Rules of Civil Procedure which discovery herein may show to be applicable.

38. As a condition precedent to pursuing this action against these defendants alleging legal malpractice, the plaintiff herein must prove that it is entitled to a recovery in

the underlying action, but for the acts or omissions of these defendants. These defendants are not responsible for the underlying facts or the law as it applied to those facts and, as such, was not a guarantor of success to the plaintiff.

39. These defendants deny they are indebted to the plaintiff in any amount for compensatory damages and not indebted for any punitive damages, costs or attorney's fees, or in any other amount.

A TRIAL BY JURY IS DEMANDED.

    WILLIAM H. JUDY, III, individually,
    and as a member of the partnership
    JUDY & JUDY; and J. DAVID JUDY, III,
    as a member of the partnership of
    JUDY & JUDY

    By Counsel

_____
STEPHEN R. CRISLIP (WV Bar # 879)
BEN M. McFARLAND (WV Bar # 9991)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322

## CERTIFICATE OF SERVICE

I, Stephen R. Crislip, one of the attorneys for the defendants, do hereby certify that service of the attached **ANSWER** was made upon the following counsel of record, by forwarding a true and exact copy thereof in a properly stamped and addressed envelope, deposited in the regular course of the United States mail, on this 10th day of July, 2006:

>Gregory H. Schillace, Esquire (WV Bar # 5597)
>Schillace Law Office
>Huntington Bank Building
>Post Office Box 1526
>Clarksburg, West Virginia 26302-1526
>*Counsel for Plaintiff*

STEPHEN R. CRISLIP (WV Bar # 879)