IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDENBURGER & DAVIS, INC.,
a California corporation,

    Plaintiff,

v.                                CIVIL ACTION NO. 2:06cv62

WILLIAM H. JUDY, III, individually,
and as a member of the partnership
JUDY & JUDY; and J. DAVID JUDY, III,
as a member of the partnership of
JUDY & JUDY,

    Defendants/Third-Party Plaintiffs,

v.

ELIZABETH GOLDIE HOTT;
THERESA S. BROWN (LAUGHLIN);
BARBARA RUTH (HOTT) BAKER;
LARRY W. BROWNE; and
DONALD C. HOTT,

    Third-Party Defendants.

## DEFENDANTS' THIRD PARTY COMPLAINT

Defendants William H. Judy, III, J. David Judy, III, and the firm of Judy & Judy ("defendants"), by counsel, allege as follows for their Third-Party Complaint against Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott:

C1406069.1

1. On June 16, 2006, plaintiff filed a complaint against these defendants asserting the defendants breached duties owed the plaintiff in connection with certain estate proceedings which distributed real property contained within the estate of Anna May Brown. *See* Complaint.

2. Plaintiff's complaint alleges breach of contract, negligence, and breach of duty of good faith and fair dealing against these defendants. The allegations contained in plaintiff's complaint are hereby incorporated as if set forth fully herein.

3. The statements, allegations, and defenses contained in the defendants' Answer to plaintiff's complaint are likewise hereby incorporated as if set forth fully herein.

4. The plaintiff is a probate and estate research company that entered into assignment agreements with Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott in connection with the administration of the estate of Anna May Brown. Under the assignment agreements, these five individuals assigned plaintiff one-third (1/3) of whatever interests they had in the estate of Anna May Brown. At the time of the assignment agreements, it was allegedly not known what interest, if any, the five individuals had in the estate of Anna May Brown.

5. Thereafter, on January 20, 2003, the plaintiff retained the defendants' legal services in connection with the ancillary administration of the estate of Anna May Brown. The legal services did not, however, materialize, and other than the initial retainer fee, the defendants did not charge any legal fees for any work completed for the plaintiff.

6.      On August 2, 2004, the Circuit Court of Hardy County appointed defendant William Judy to serve as one of three Special Commissioners to oversee the sale of certain property within the estate of Anna May Brown ("underlying partition action").

7.      In accordance with their appointment, the three Special Commissioners proceeded with the sale of the property, and William Judy thereafter received five checks, each in the amount of $44,559.78, which were made payable to Elizabeth G. Hott, Teresa S. (Brown) Laughlin, Barbara Ruth (Hott) Baker, Larry W. Brown, and Donald C. Hott.

8.      The Special Commissioners then moved the Hardy County Circuit Court for authorization to disburse the proceeds to the heirs of Anna Mae Brown. The Hardy County Circuit Court ordered the Special Commissioners to disburse the remaining funds to the heirs of Anna Mae Brown, and to report back to the Court as it would relate to the totality of the receipts and disbursements made to the heirs.

9.      Pursuant to the court's order, William Judy turned the checks over to the five heirs for whom he acted as Special Commissioner—Elizabeth G. Hott, Teresa S. (Brown) Laughlin, Barbara Ruth (Hott) Baker, Larry W. Brown, and Donald C. Hott. These defendants were not payees on any of the five checks, and none of the proceeds went through the defendants' trust accounts.

10.     On June 16, 2006, plaintiff filed a complaint against these defendants asserting the defendants failed to protect plaintiff's interests in connection with the assignment agreements plaintiff entered into with Elizabeth G. Hott, Teresa S. (Brown) Laughlin, Barbara Ruth (Hott) Baker, Larry W. Brown, and Donald C. Hott. *See* Complaint. Specifically, the plaintiff asserts that pursuant to the assignment agreements, it was entitled

to one-third (1/3) of the proceeds the five individual heirs received from the sale of the property in the partition action, and that these defendants breached duties owed the plaintiff by failing to ensure the plaintiff received its one-third (1/3) interest. *Id.*

11. These defendants were not parties to any of the assignment agreements, and they were not in any way involved with the drafting or creating of such agreements. Plaintiff's damages, if any, are based on the assignment agreements which were contracts between the five individual heirs and the plaintiff only. Thus, obligations to pay the plaintiff, if any, are by the five individual heirs with whom the plaintiff entered into the assignment agreements—namely Elizabeth G. Hott, Teresa S. (Brown) Laughlin, Barbara Ruth (Hott) Baker, Larry W. Brown, and Donald C. Hott.

12. As early as the Summer of 2002, one or more of the individuals with whom plaintiff entered into the assignment agreements repudiated such agreements after they realized they were entitled to a share of the estate of Anna May Brown by operation of law and not by virtue of the assignment agreements. Thus, plaintiff's damages, if any, are the result of the individual heirs repudiating the agreements and not the conduct of these defendants.

13. Based on the foregoing, these defendants assert that Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott are or may be liable to these defendants for all or part of the claims asserted against these defendants.

14. To the extent the trier of fact determines the plaintiff entitled to a recovery from these defendants, such defendants are entitled to common law and/or statutory

contribution from Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott for any and all sums recoverable by the plaintiffs, because their faults, breaches of duty, negligent actions or omissions and/or repudiation of their agreement with plaintiff caused, in whole or in part, plaintiff's alleged damages.

15. To the extent the trier of fact determines the plaintiff is entitled to a recovery from these defendants, such defendants are entitled to implied and/or express indemnification from Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott for any and all sums recoverable by plaintiffs, because their faults, breaches of duty, negligent actions or omissions and/or repudiation of their agreement with plaintiff caused, in whole or in part, plaintiff's alleged damages.

**WHEREFORE**, these defendants respectfully request judgment against Elizabeth Goldie Hott, Theresa S. Browne (Laughlin), Barbara Ruth (Hott) Baker, Larry W. Browne and Donald C. Hott for all amounts which may be awarded to the plaintiff, and that these defendants be awarded their costs and expenses incurred in defending this action, and such other and further relief as this Court deems just and appropriate.

                      **WILLIAM H. JUDY, III, individually, and as a member of the partnership JUDY & JUDY; and J. DAVID JUDY, III, as a member of the partnership of JUDY & JUDY**

                      **BY COUNSEL**

<u>s/ Ben M. McFarland</u>
STEPHEN R. CRISLIP (WV Bar # 879)
BEN M. McFARLAND (WV Bar # 9991)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322
(304) 340-1000 - *telephone*
(304) 340-1051 - *facsimile*