```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BRANDENBURGER & DAVIS, Inc.,
a California Corporation

    Plaintiff,


v.                                    Civil Action No. 2:06-CV-62


WILLIAM H. JUDY, III, individually
and as a member of the partnership
Judy & Judy, and J. DAVID JUDY, III,
as a member of the partnership of
Judy & Judy,

    Defendants.


## RESPONSE OF THE PLAINTIFF, BRANDENBURGER & DAVIS, INC., TO THE MOTION OF THE DEFENDANTS TO EXCLUDE TESTIMONY OF THOMAS R. CALLAHAN

    The plaintiff, Brandenburger & Davis, Inc., by counsel, Gregory H. Schillace, hereby responds to the motion of the defendants to exclude the testimony Thomas R. Callahan, a witness identified by the plaintiff.  This motion should be denied as there is no legal or factual basis for the relief sought by the defendants.

    Thomas R. Callahan has been identified as a witness who would present testimony on behalf of the plaintiff in this action.  Mr. Callahan is an attorney from Crofton, Maryland and

was intimately involved in the circumstances giving rise to the cause of action asserted by the plaintiff against the defendants.

Mr. Callahan represented the interests of the plaintiff and the plaintiff's assignors with respect to the Estate of Anna Mae Browne in Maryland.  When the real property located within the State of West Virginia was discovered, Mr. Callahan was instrumental in retaining the defendants to represent the interests of the plaintiff and the plaintiff's assignors.  The initial letter of engagement sent by the defendants to the plaintiff on January 20, 2003 was sent in care of Mr. Callahan.

Following January 20, 2003 Mr. Callahan on numerous occasions attempted to communicate with the defendants regarding the Estate of Anna Mae Browne.  In this regard, Mr. Callahan sent numerous letters to the defendants requesting information regarding the handling of the ancillary estate.  The defendants ignored these letters.

On or about January 16, 2009, the plaintiff disclosed, pursuant to Rule 26(a)(2)(A), the possibility that Mr. Callahan may be called upon to present evidence pursuant to Rule 702, 703 or 705 of the Federal Rules of Evidence.  The disclosure further states that Mr. Callahan was not retained or specifically employed to provide expert testimony in this action and that he is not an employee of the plaintiff.

It is anticipated that the defendants will assert they had some question regarding the appropriateness of the assignments

from the various potential heirs to the plaintiff.  In response to such testimony, Mr. Callahan may be called upon to give his opinion regarding this issue.

This opinion may include, but not be limited to, the fact that if attorneys such as the defendants had a question regarding the appropriateness of any assignment executed for the benefit of the plaintiff that any such potentially disputed funds should be placed in an escrow or attorney's trust account not disbursed as was done by the defendants in this action.  This type of opinion testimony is relevant and admissible in this action.

Although the defendants do not highlight any legal authority for their proposition, the defendants appear to base their motion to exclude Mr. Callahan as an expert witness based upon the "locality rule".  However, the West Virginia Supreme Court of Appeals abandoned the "locality rule" regarding expert witnesses in medical malpractice cases long ago.  See Walker v. Sharma, 221 W. Va. 559, 655 S.E.2d 775 (2007); Paintiff v. City of Parkersburg, 178 W. Va. 469, 345 S.E.2d 564 (1986).

Although the West Virginia Supreme Court of Appeals has not addressed the abolition of the "locality rule" with respect to claims against attorneys the "locality rule" was never specifically adopted with respect to attorneys.  The same rational to disregard the "locality rule" with respect to medical malpractice claims applies regarding the claims in this action.

**WHEREFORE**, the plaintiff, Brandenburger & Davis, Inc., respectfully requests that the motion to exclude testimony from Thomas R. Callahan be denied.

Dated this 2nd day of June, 2009.

                                          S/  Gregory H. Schillace
                                      Gregory H. Schillace
                                          State Bar No. 5597

                                      Counsel for Plaintiff

                                      Schillace Law Office
                                      Huntington Bank Building
                                      Post Office Box 1526
                                      Clarksburg, WV 26302-1526
                                      Telephone: 304-624-1000
                                      Facsimile: 304-624-9100

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BRANDENBURGER & DAVIS, Inc.,
a California Corporation

    Plaintiff,

v.                                    Civil Action No. 2:06-CV-62

WILLIAM H. JUDY, III, individually
and as a member of the partnership
Judy & Judy, and J. DAVID JUDY, III,
as a member of the partnership of
Judy & Judy,

    Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2009, I served the foregoing **RESPONSE OF THE PLAINTIFF, BRANDENBURGER & DAVIS, INC., TO THE MOTION OF THE DEFENDANTS TO EXCLUDE TESTIMONY OF THOMAS R. CALLAHAN** with the Clerk of the Court by using the CM/ECF System, which will send notification of such filing to the following:

        Stephen R. Crislip, Esquire
        Ben M. McFarland, Esquire
        Jackson & Kelly, P.L.L.C.
        1600 Laidley Tower
        Post Office Box 553
        Charleston, West Virginia  25322

                      S/   Gregory H. Schillace